IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-12-054 |
| | § | |
| BRANDON LAJOHN HARGROVE | § | (Civil Action No. H-12-3773) |

## **MEMORANDUM AND ORDER**

This criminal prosecution is before the Court on Defendant Brandon Lajohn Hargrove's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 36]. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the proceedings in this case, and the application of relevant legal authorities, the Court **denies** the § 2255 Motion and **dismisses** the corresponding civil action (No. H-12-3773) for reasons set forth below.

**I.     BACKGROUND**

Defendant was charged by Indictment [Doc. # 1] with possession of two firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). On March 28, 2012, Defendant entered a plea of guilty without a plea agreement.

On June 15, 2012, Defendant appeared for sentencing. The Court calculated the advisory Guideline Range based on a Total Offense Level of 17 and a Criminal History Category of IV, resulting in a guideline range of 37-46 months. The Court sentenced Defendant to a term of imprisonment of 37 months, followed by a term of supervised released of three years. *See* Sentencing Minutes [Doc. # 29]; Judgment in a Criminal Case [Doc. # 32]. Defendant did not appeal his sentence.

On December 31, 2012, Defendant filed his § 2255 Motion asserting that he received constitutionally ineffective assistance of counsel when his defense attorney failed to inform him of the nature of the charge against him and of the potential sentence. The record in this case clearly refutes Defendant's claim and, therefore, the Court concludes that Defendant is not entitled to the requested relief.

## II. STANDARD OF REVIEW

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time

on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Defendant asserts that he was denied effective assistance of counsel. Specifically, he asserts that his defense attorney failed to inform him of the nature of the charge against him and of the possible sentence. Defendant alleges that his attorney told him that he would receive a sentence between 18 and 24 months.

#### A. Applicable Legal Standard

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel

> was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. To establish ineffective assistance of counsel, defense counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Webster,* 392 F.3d 787, 793 (5th Cir. 2004) (quoting *Strickland,* 466 U.S. at 689).

To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Therefore, the prejudice analysis focuses on whether the alleged errors by counsel, separately or cumulatively, undermine "confidence in the process afforded the criminally accused." *Virgil v. Dretke*, 446 F.3d 598, 612 (5th Cir. 2006).

**B.** **Analysis**

The transcript of Defendant's rearraignment proceeding refutes his allegations in this case. At the beginning of the proceeding, the Defendant was placed under oath. *See* Transcript [Doc. # 38], p. 2. Defendant told the Court that he understood that he was under oath and was required to tell "the whole truth." *Id.* Defendant agreed to tell the Court if he was confused in any way. *See id.* at 3.

Regarding his understanding of the nature of the charge against him, the Defendant advised the Court that he had read the one-count Indictment. *See id.* at 4. When asked by the Court, Defendant was able to explain that he was charged with "Possession of a firearm, two firearms." *Id.* The Court asked "Possession of a firearm after being convicted of a felony, right?" *Id.* Defendant answered "Yes, ma'am." *Id.*

Defense counsel advised the Court that Defendant understood the nature of the charge against him. *See id.* at 6.

Notwithstanding the representations by Defendant and his defense counsel that Defendant understood the nature of the charge against him, the Court fully explained the charge. *See id.* at 10. The Court advised Defendant that he was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See id.* The Court advised Defendant of the elements of the charge. *See id.* at 10-11.

The United States described the evidence against Defendant which, if presented at trial, would establish Defendant's guilt beyond a reasonable doubt. *See id.* at 11-13. Defendant said that he did not disagree with anything the United States said in its proffer. Defendant told the Court that he had guns in his vehicle when he was stopped by law enforcement officers. *See id.* at 13. Defendant told the Court that he knew he was not supposed to have a gun, and that he had been convicted of one or more felonies before having possession of the firearms. *See id.* at 15.

The record establishes conclusively that Defendant understood the nature of the charge against him, both from his conversations with defense counsel and from the Court's explanations at the rearraignment proceeding.

Regarding Defendant's claim that he was not informed of the possible range of punishment, the Court clearly advised Defendant that the "maximum term of

imprisonment is ten years [and the] maximum fine is $250,000." *See id.* at 16. The Court further informed Defendant that there would be a term of supervised release of three years and a special assessment of $100.00. *See id.* The Court explained fully the sentencing procedure. *See id.* at 18-20. The Court advised Defendant specifically that she had "no idea" what Defendant's sentence would be and, indeed, did not know what the guideline range would be. *See id.* at 19-20.

Defendant alleges in his § 2255 Motion that his attorney told him he would "receive a sentence of not more than between 18 to 24 months." *See* Memorandum in Support of Motion [Doc. # 36], p. 3. At the rearraignment proceeding, however, Defendant advised the Court under oath that his lawyer had not talked to him about the sentencing guidelines. *See* Transcript, p. 20. Defense counsel clarified that they had discussed the guidelines, but that counsel had not given Defendant a potential guidelines range. *See id.* at 21. The Court stated that was "actually not a bad idea because the reality is that the lawyers don't know with any certainty." *Id.* After Defendant stated "Right," the Court explained further that "there's no way the defense attorney could know what the sentence will be." *Id.* The Court asked Defendant whether anyone had made him any promise about what his sentence would be, and Defendant responded under oath that no one had. *See id.* at 22.

When asked by the Court whether everything he had told her was true, Defendant answered "Yes, ma'am." *Id.* When asked by the Court whether he understood the Court's explanations, Defendant answered "Yes, ma'am." *Id.* When asked if he was satisfied with his defense attorney, Defendant answered "He's an excellent lawyer." *See id.* at 5.

At the conclusion of the rearraignment proceeding, Defendant entered a plea of guilty. *See id.* at 22. The Court found specifically that Defendant understood "the nature of these proceedings and the consequences of his guilty plea." *Id.* at 24. The Court found that Defendant's guilty plea was informed and was voluntarily, freely and knowingly made. *Id.*

Because the record clearly and unequivocally refutes Defendant's claim of ineffective assistance of counsel, relief under § 2255 on this basis is denied.

## IV.  **CERTIFICATE OF APPEALABILITY**

Any review of this Court's decision on Defendant's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118

F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Defendant's claim debatable or wrong. Because Defendant does not allege facts showing that his ineffective assistance of counsel claim could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.     CONCLUSION AND ORDER

Defendant has failed to establish that his defense counsel rendered constitutionally ineffective assistance of counsel. Indeed, the record refutes his allegations. As a result, Defendant is not entitled to relief under 28 U.S.C. § 2255, and it is hereby

**ORDERED** that Defendant Brandon Lajohn Hargrove's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 36] is **DENIED** and the corresponding civil action (H-12-3773) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this <u>28th</u> day of **January, 2013**.

_____
Nancy F. Atlas
United States District Judge